UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RYAN BREESE,

     Plaintiff,

v.                       Case No. 8:26-cv-340-VMC-LSG

QUELL PEST CONTROL
OF TEXAS LLC,

     Defendant.
_____/

### **ORDER**

This cause comes before the Court sua sponte. For the reasons that follow, this case is remanded to state court for lack of subject matter jurisdiction.

**Discussion**

"Federal courts have limited subject matter jurisdiction." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000). As such, "[a] federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985).

Plaintiff Ryan Breese initiated this Florida Private Whistleblower Act case in state court in January 2026. (Doc.

1

# 1-1). Thereafter, on February 5, 2026, Defendant Quell Pest Control of Texas LLC removed the case to this Court on the basis of diversity jurisdiction. (Doc. # 1).

When jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332(a) requires, among other things, that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." If "the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). When "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).

The complaint does not state a specified claim to damages. (Doc. # 1-1 at 1). Instead, in its notice of removal, Defendant asserted that Plaintiff's back pay up to the time of trial would exceed $75,000. (Doc. # 1 at 2).

Upon review of the notice of removal, the Court was not persuaded that the amount in controversy has been satisfied. (Doc. # 4). Specifically, the Court explained "that back pay

2

should be calculated only to the date of removal. The reason for this is simple: the amount in controversy needs to be determined at the time the case is removed." (Id.) (quoting Bragg v. Suntrust Bank, No. 8:16-cv-139-VMC-TBM, 2016 WL 836692, at *2 (M.D. Fla. Mar. 4, 2016)). The Court also highlighted that Defendant did "not provide any information about Plaintiff's rate of pay or a calculation of the anticipated back pay damages." (Id.). The Court concluded that "Defendant has not established that the amount in controversy exceeds $75,000 by a preponderance of the evidence," but gave Defendant an opportunity to provide more information. (Id.).

Now, Defendant has provided additional information in an attempt to establish the amount in controversy exceeds $75,000. (Doc. # 14). Defendant has calculated Plaintiff's back pay up to the time of removal as $37,084.79. (Id. at 3). Defendant also speculates that a $50,000 estimate for Plaintiff's "garden-variety emotional distress claim" for damages is appropriate based on a factually dissimilar whistleblower case in which the jury awarded $200,000 in total compensatory damages. (Id. at 3-4) (citing Beals v. Healthpoint Medical Grp. of the Emerald Coast, LLC, No. 21000510CA (Fla. Cir. Ct. Bay Cnty. 2021)).

The Court is not persuaded. Again, back pay up to the time of removal is all that is relevant. See Avery v. Wawa, Inc., No. 8:18-cv-403-VMC-TGW, 2018 WL 1008443, at *3 (M.D. Fla. Feb. 22, 2018) ("[T]his Court has repeatedly held that 'the amount in controversy is determined at the time of removal and thus does not include post-removal back pay.'" (citation omitted)). Here, that amount is less than $38,000. (Doc. # 14 at 3); see Bien-Amie v. Brookdale Senior Living Inc., No. 8:21-cv-2446-VMC-AEP, 2021 WL 5028238, at *1 (M.D. Fla. Oct. 29, 2021) (remanding case where the back pay up to the time of removal was less than $41,000).

Additionally, the calculation for emotional distress damages remains too speculative to include in the amount in controversy calculation. See Biffar v. GCA Servs. Grp., Inc., No. 8:15-cv-1154-VMC-TGW, 2015 WL 4042103, at *3 (M.D. Fla. July 1, 2015) ("GCA can only speculate as to potential compensatory damages, and therefore, the Court does not consider those damages in its analysis of whether the jurisdictional requirement has been met."). "Although [Plaintiff] may recover some damages for emotional distress, there is no evidence before [the Court] to determine that amount" based merely on a citation to a case about which the Court has little information. Love v. N. Tool & Equip. Co.,

4

No. 08-20453-CIV, 2008 WL 2955124, at *5 (S.D. Fla. Aug. 1, 2008). The Court has no information about the mental and emotional states of Plaintiff and the Beals plaintiff, "which is necessary to determine whether the compensatory damages claims for mental anguish are analogous." Vanterpool v. Amazon.com.Dedc, LLC, No. 8:17-cv-1347-VMC-MAP, 2017 WL 2609551, at *3 (M.D. Fla. June 16, 2017); see also Bragg, 2016 WL 836692, at *2 ("SunTrust cites to three prior employment discrimination cases in which plaintiffs were awarded damages in excess of $75,000 for mental anguish, [] but does not explain why that amount would be awarded in *this* case.").

In short, Defendant has not carried its burden of establishing this Court's diversity jurisdiction by a preponderance of the evidence. The Court, finding that it lacks subject matter jurisdiction, remands this case to state court.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

The Clerk is directed to **REMAND** this case to state court because the Court lacks subject matter jurisdiction. After remand, the Clerk shall **CLOSE** this case.

5

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 13th day of February, 2026.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE